# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALEJANDRO RODRIGUEZ | * | |
|     Petitioner | * | |
| v. | * | Civil No. AW-11-3552 |
| | * | Crim. No. AW-09-0598 |
| UNITED STATES OF AMERICA. | * | |
|     Respondent | * | |

*************

## **MEMORANDUM OPINION**

Before the Court is a Motion/Petition to Vacate filed by the Petitioner/Defendant, Alejandro Rodriguez, for relief pursuant to 18 U.S.C. § 2255. On September 21, 2010 and pursuant to a written plea agreement dated September 2, 2010, Petitioner entered an 11(c) (1) (c) guilty plea to Count One of the indictment which charged Petitioner with conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C § 1962 (d). Following a Rule 11 inquiry, and the acceptance of the plea by the Court, a presentence report was ordered and the matter was set down for a sentencing hearing on December 13, 2010. The Court sentenced Petitioner to 60 months which was the stipulated sentence agreed upon by the parties as set forth in the September 2, 2010 plea agreement. Having waived the right to appeal, no appeal was taken by either party. Judgment was entered on December 14, 2010. The present and pending §2255 was timely filed by Petitioner on December 12, 2011.

In his Motion, petitioner presents six claims of ineffective assistance of counsel which he asserts entitle him to relief. These six claims (some of which are not clearly articulated) are lifted from his Motion: (1) Petitioner was coerced to sign the plea agreement, and was further coerced into waiving his right to appeal and coerced into collaterally challenging the conviction and judgment, and his counsel was ineffective for not presenting alternatives to pleading guilty;

(2) Petitioner's counsel failed to question (challenge) the indictment and was ineffective in not conducting any discovery; (3) Petitioner's counsel was ineffective in not questioning the probable cause to issue the indictment and in not looking at the grand jury transcripts in order to challenge the probable cause; (4) Petitioner's counsel was ineffective in failing to challenge the faulty indictment which did not contain sufficient allegations with respect to the date and scope of the conspiracy and with respect to outlining the participation of Petitioner in the racketeering enterprise; (5) Petitioner's counsel was ineffective in failing to challenge or question the Government's lack of evidence establishing Petitioner as having supervised or directed activities pursuant to the RICO act; and (6) Petitioner's attorney was ineffective in failing to challenge the Government's lack of evidence as to overt acts by Petitioner connecting Petitioner to the enterprise which Petitioner contends is required under the RICO Act. The Government has responded to the Motion and despite the Court having granted Petitioner's request for an extension to file a Reply, no Reply has been filed. The Motion is now ripe for resolution.

With respect to the claims by Petitioner that his counsel was ineffective, the Court reviews his allegations under the well-established standard set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), under which a claimant must establish the two prong standard of deficient performance and prejudice. In other words, in order to succeed on his claim of ineffective assistance of counsel, Petitioner must show that his counsel's performance was deficient in that counsel made errors so serious that he ceased to function as a counsel within the meaning of the Sixth Amendment, and that the alleged deficient performance prejudiced the defense. Id.

First, the Petitioner must show that counsel's representation "fell below an objective standard or reasonableness", as measured by prevailing professional norms. Id at 688. Courts

should be deferential in this inquiry, and have "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id at 689. The Petitioner must therefore overcome the presumption that the representation "might be considered sound trial strategy."

Second, Petitioner must demonstrate that counsel's inadequate performance prejudiced him. Id at 687. Here, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id at 694. A reasonable probability, in turn, is defined as "a probability sufficient to undermine confidence in the outcome." In short, Petitioner must demonstrate that but for counsel's errors, there is a reasonable probability that he would not have been convicted. With these legal principles in mind, the Court now turns to Petitioner's arguments.

Having reviewed the Petitioner's Motion, the Government's response thereto, and the transcript of the Rule 11 proceeding, it is abundantly clear to the Court that every one of Petitioner's claims are devoid of merit. Petitioner was indicted along with 18 others as being a member of a violent street gang known as the Latin King gang. Petitioner was alleged to have attended meetings of the gang where dues were collected from members and gang business was discussed, and Petitioner was further alleged to have served as the second crown or cacique of the tribe and kept and hid guns for use by Latin King members and associates during their mission. Facing a serious charge with a potential enormous sentence (depending on what role and other factors which may have developed at trial), Petitioner and his attorney negotiated with the Government a stipulated 11(c) (1)(c) plea which would allow the Petitioner to withdraw his guilty plea, and to declare the agreement null and void had the Court rejected the stipulated sentence. The Court carefully and thoroughly conducted the Rule 11 colloquy and determined,

*inter alia*, that: Petitioner wanted to plead guilty, admitted he was guilty, accepted the stipulated set of facts, indicated that he was satisfied with his attorney and had absolutely no complaints as to what his counsel had done or not done; understood his constitutional rights (including his right to a trial) and that he was waving them; understood that he and the Government were waiving their rights of appeal; and indicated that he had read, considered and had reviewed the plea agreement with his counsel. Following the Rule 11 inquiry, the Court concluded that Petitioner had made a knowing, voluntary and understanding decision to plead guilty and that there was an adequate factual basis upon which to accept the guilty plea. Following a presentence report, the Court sentenced Petitioner to the stipulated 60 months which the parties agreed was the appropriated disposition.

The Court finds no cognizable basis for the relief requested. In this case, Petitioner, with the assistance of competent counsel, entered a plea agreement with the Government. Further, Petitioner advised the Court under oath and pursuant to the Rule 11 colloquy that he was guilty of the counts to which he pled, that he understood all of his rights and that he had reached a decision to plead guilty. The Court does not believe on this record that Petitioner has made any showing that counsel's performance was legally deficient nor is there any evidence of prejudice pursuant to the Strickland standard. Accordingly, Petitioner's ineffective assistance of counsel claim must fail.

Nor does the Court believe that Petitioner has pointed to the existence of any additional meritorious grounds to assail the conviction and sentence. Petitioner's claims that the Government lacked sufficient evidence to tie him to the Enterprise are but balk allegations, unsupported by the record and without a shred of credence in light of Petitioner's valid plea and waiver of his rights to a trial. The Court believes that it considered all of the circumstances and

sentenced Petitioner in accordance with the stipulation and negotiated sentence Petitioner sought and agreed upon.

At any rate, the Court has reviewed the current pleadings and the entire files relative to the present motion as well as the underlying criminal case. The Court concludes that Petitioner has failed to demonstrate a legal and cognizable basis for relief. Accordingly, the Petitioner's motion pursuant to § 2255 is DENIED.

## A Certificate of Appealability

There is no absolute entitlement to appeal a district court's denial of the Motion. See 28 U.S.C. § 2253 (c) (1). "A [Certificate of Appealability, or COA]" may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *Id* at § 2253 (c) (2). To meet this burden an applicant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate' to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983). Here the Court has concluded that Petitioner made a knowing, voluntary and understanding decision to forego a trial, to enter a guilty plea, and to accept the stipulated sentence of 60 months. It is the Court's view that Petitioner has raised no arguments which causes this Court to view the issues as debatable, or finds that the issues could have been resolved differently, or to conclude that the issues raise questions which warrant further review. Accordingly, the Court is compelled in this case to deny a Certificate of Appealability.

A separate Order will be issued.

June 5, 2013  /s/
Alexander Williams, Jr.
United States District Court